# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

IN RE:     ANTHONY J. RIEGEL,         :   Chapter 13
                                      :
             Debtor                   :   Bky. No. 16-13769 ELF

# O R D E R

**AND NOW**, the Debtor's chapter 13 plan having been confirmed by Order dated **December 20, 2016**;

**AND**, upon consideration of the Application for Compensation (Doc. # 83) filed by the Debtor's counsel ("the Applicant"), in which the Applicant requested the **allowance of compensation in the amount of $7,500.00 and the reimbursement of expenses in the amount of $477.00**;

**AND**, upon the Applicant's certification that proper service has been made on all interested parties and upon the Applicant's certification of no response;

**AND**, notwithstanding the absence of an objection to the request for compensation, the Court of Appeals having held that the bankruptcy court "has a duty to review fee applications, notwithstanding the absence of objections by the United States trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest," In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original);

**AND**, after a hearing;

**AND**, the court finding it appropriate to disallow, in part, the Applicant's request for

compensation,[1]

It is hereby **ORDERED** that:

1. The Application is **GRANTED IN PART AND DENIED IN PART.**

2. Compensation in the amount of **$6,375.00** and reimbursement of expenses in the amount of **$477.00** are **ALLOWED** to the Applicant.

3. The Chapter 13 Trustee chapter 13 is authorized to distribute to the Applicant as an

---

[1]   I have made two (2) types of deductions.

Initially, the time records submitted in the form of invoices total **$6,987.50,** not **$7,500.00**.  So, that lower amount is the starting point in determining the compensation to be allowed.

Second, a few time entries were problematic, as described in the table below, resulting in the disallowance of **$787.50.00**.

| Date | Name | Activity | Time Spent / Time Allowed | Reduction | Reason |
|---|---|---|---|---|---|
| 5/25/16 | AA | file documents with court | 0.50 / 0.20 | 112.50 | clerical task; excessive time spent |
| 6/8/16 | AA | draft motion for extension of time to file schedules | 0.90 / 0.20 | 262.50 | excessive time spent |
| 6/8/16 | AA | file motion for extension of time to file schedules | 0.30 / 0.10 | 75.00 | clerical task; excessive time spent |
| 6/13 | AA | review ct. order granting extension of time | 0.30 / 0.10 | 75.00 | excessive time spent |
| 11/22/16 | AA | amend plan; complete DSO; file; advise client | 1.70 / 1.0 | 262.50 | lumping of tasks; excessive time spent |

However, I will make a final adjustment.  The last time entry was on **November 28, 2016**.  The plan was confirmed almost one (1) month later.  I will assume that the Applicant expended some additional time in that period.  As a result, I will add back **$175.00**, resulting in a net deduction of **$612.50** from the **$6,987.50** "starting point."

administrative expense pursuant to 11 U.S.C. §1326(b), 11 U.S.C. §507, 11 U.S.C. §503(b) and 11 U.S.C. §330(a)(4)(B), the allowed compensation and expense reimbursement set forth in ¶2 less **$ 4,500.00** which was paid by the Debtor prepetition, to the extent such distribution is authorized under the terms of the confirmed chapter 13 plan.

**Date:  March 2, 2017**

**ERIC L. FRANK**
**CHIEF U.S. BANKRUPTCY JUDGE**