United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Anthony J Riegel
    Debtor

Case No. 16-13769-elf
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: Stacey     Page 1 of 1     Date Rcvd: Mar 02, 2017
                  Form ID: pdf900     Total Noticed: 5

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 04, 2017.
db         +Anthony J Riegel,    624 Erlen Rd.,    Plymouth Meeting, PA 19462-2427
cr          United States Department of Education,    Claims Filing Unit,    P O Box 8973,
           Madison, WI   53708-8973

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg         E-mail/Text: bankruptcy@phila.gov Mar 03 2017 01:33:14     City of Philadelphia,
            City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
            Philadelphia, PA   19102-1595
smg         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Mar 03 2017 01:32:57
            Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
            Harrisburg, PA   17128-0946
smg         +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Mar 03 2017 01:33:12     U.S. Attorney Office,
            c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
                                                                                                                                                                   TOTAL: 3

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                                                                     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 04, 2017                               Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 2, 2017 at the address(es) listed below:
         ALFRED   ABEL    on behalf of Debtor Anthony J Riegel aa.law@alfredabellaw.com,
         G22350@notify.cincompass.com
         JOSHUA ISAAC GOLDMAN    on behalf of Creditor    Ditech Financial LLC bkgroup@kmllawgroup.com,
         bkgroup@kmllawgroup.com
         THOMAS I. PULEO     on behalf of Creditor    Ditech Financial LLC tpuleo@kmllawgroup.com,
         bkgroup@kmllawgroup.com
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
         WILLIAM C. MILLER    ecfemails@ph13trustee.com,  philaecf@gmail.com
                                                                                                                      TOTAL: 5

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:    ANTHONY J. RIEGEL,    : Chapter 13
:
Debtor    : Bky. No. 16-13769 ELF

# O R D E R

**AND NOW**, the Debtor's chapter 13 plan having been confirmed by Order dated **December 20, 2016**;

**AND**, upon consideration of the Application for Compensation (Doc. # 83) filed by the Debtor's counsel ("the Applicant"), in which the Applicant requested the **allowance of compensation in the amount of $7,500.00 and the reimbursement of expenses in the amount of $477.00**;

**AND**, upon the Applicant's certification that proper service has been made on all interested parties and upon the Applicant's certification of no response;

**AND**, notwithstanding the absence of an objection to the request for compensation, the Court of Appeals having held that the bankruptcy court "has a duty to review fee applications, notwithstanding the absence of objections by the United States trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest," In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original);

**AND**, after a hearing;

**AND**, the court finding it appropriate to disallow, in part, the Applicant's request for

-1-

compensation,[1]

It is hereby **ORDERED** that:

1. The Application is **GRANTED IN PART AND DENIED IN PART.**

2. Compensation in the amount of **$6,375.00** and reimbursement of expenses in the amount of **$477.00** are **ALLOWED** to the Applicant.

3. The Chapter 13 Trustee chapter 13 is authorized to distribute to the Applicant as an

---

[1] I have made two (2) types of deductions.

Initially, the time records submitted in the form of invoices total **$6,987.50,** not **$7,500.00**. So, that lower amount is the starting point in determining the compensation to be allowed.

Second, a few time entries were problematic, as described in the table below, resulting in the disallowance of **$787.50.00**.

| Date | Name | Activity | Time Spent / Time Allowed | Reduction | Reason |
| --- | --- | --- | --- | --- | --- |
| 5/25/16 | AA | file documents with court | 0.50 / 0.20 | 112.50 | clerical task; excessive time spent |
| 6/8/16 | AA | draft motion for extension of time to file schedules | 0.90 / 0.20 | 262.50 | excessive time spent |
| 6/8/16 | AA | file motion for extension of time to file schedules | 0.30 / 0.10 | 75.00 | clerical task; excessive time spent |
| 6/13 | AA | review ct. order granting extension of time | 0.30 / 0.10 | 75.00 | excessive time spent |
| 11/22/16 | AA | amend plan; complete DSO; file; advise client | 1.70 / 1.0 | 262.50 | lumping of tasks; excessive time spent |

However, I will make a final adjustment. The last time entry was on **November 28, 2016**. The plan was confirmed almost one (1) month later. I will assume that the Applicant expended some additional time in that period. As a result, I will add back **$175.00**, resulting in a net deduction of **$612.50** from the **$6,987.50** "starting point."

administrative expense pursuant to 11 U.S.C. §1326(b), 11 U.S.C. §507, 11 U.S.C. §503(b) and 11 U.S.C. §330(a)(4)(B), the allowed compensation and expense reimbursement set forth in ¶2 less **$ 4,500.00** which was paid by the Debtor prepetition, to the extent such distribution is authorized under the terms of the confirmed chapter 13 plan.

Date: **March 2, 2017**

**ERIC L. FRANK**
**CHIEF U.S. BANKRUPTCY JUDGE**